Dr. Donald C. AUSTIN, Plaintiff,

v.

THE AMERICAN ASSOCIATION OF NEUROLOGICAL SURGEONS, (founded in 1931 as The Harvey Cushing Society), Defendant.

No. 98 C 7685.

United States District Court, N.D. Illinois, Eastern Division.

April 22, 1999.

Henry C. Krasnow, Colby Michael Green, Krasnow, Sanberg & Cohen, Chicago, IL, for Plaintiff.

Gregory S. Norrod, Colleen Young Kraus, Oppenheimer Wolff & Donnelly, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, Dr. Donald C. Austin, brought this lawsuit against the defendant, The American Association of Neurological Surgeons [the "AANS"], alleging that the decision of the AANS to suspend his membership was influenced by bias and prejudice, and was not made in good faith. The AANS moves to dismiss for failure to state a claim. For the following reasons, the motion is denied.

### Background [1]

Dr. Austin is a licensed neurological surgeon and a citizen of Michigan. The AANS is an Illinois not-for-profit corporation, with its principle place of business in Illinois. From 1963 through at least

---

1. The background facts are taken from the complaint. When evaluating a motion to dis-

March, 1995, Dr. Austin was a member in good standing of the AANS, a trade group of neurological surgeons. In 1993, Dr. Austin testified as an expert witness for the plaintiff against Dr. Q. Michael Ditmore, a neurological surgeon and member of the AANS, in a malpractice suit. Dr. Ditmore claimed that Dr. Austin's testimony violated the code of ethics of the AANS, and a hearing was held by the Professional Conduct Committee of the AANS [the "Committee"]. Dr. Austin presented evidence in support of his testimony, but the Committee recommended that he be suspended for six months. The recommendation was adopted by the Board of Directors of the AANS.

Dr. Austin alleges that the Committee's decision to suspend him was intended to punish him for testifying against Dr. Ditmore in the malpractice suit. According to Dr. Austin, the decision was influenced by bias and prejudice, and was not made in good faith. A substantial part of Dr. Austin's income is derived from testifying as a medical expert, and membership in good standing in the AANS is necessary for such testimony. Dr. Austin requests damages and an injunction directing the AANS to remove from its records any mention of disciplinary action taken against him. The AANS moves to dismiss the complaint for failure to state a claim.

### Motion to Dismiss

■ Absent a showing of economic necessity, Illinois courts generally will not review a private association's actions regarding its members. *National Ass'n of Sporting Goods Wholesalers, Inc. v. F.T.L. Marketing Corp.*, 779 F.2d 1281, 1285 (7th Cir.1985). The AANS argues that Dr. Austin has not shown that membership in the AANS is an economic necessity. Dr. Austin alleges in the complaint that he "derives a substantial part of his income from testifying as a medical expert," and that "[m]embership in good standing in the

[AANS] is a necessary credential for such testimony." (Compl.¶ 12). The AANS claims that the suspension has not affected Dr. Austin's ability to practice medicine, and that networking opportunities and other such perks do not constitute economic necessity. Dr. Austin, however, has alleged that membership in good standing in the AANS is necessary for employment as a medical expert in his field. Economic necessity exists where "the association has an economic 'stranglehold' on the relevant market." *F.T.L.*, 779 F.2d at 1285. In addition, the Illinois Supreme Court has stated that a "strong possibility that an important economic interest of the plaintiffs was affected by an improper administrative proceeding gives the court power and the duty to act." *Van Daele v. Vinci*, 51 Ill.2d 389, 394, 282 N.E.2d 728, 731 (1972). Therefore Dr. Austin has alleged economic necessity sufficiently to survive a motion to dismiss.

■ The AANS further argues that a court cannot review the substance of internal decisions by private associations. Courts can, however, intervene if the association did not afford its member due process, or if the association has violated its own bylaws. *F.T.L.*, 779 F.2d at 1285. Dr. Austin has alleged that the AANS has a code of ethics, that a hearing was held to determine whether he violated that code, and that the decision to suspend his membership was made not in good faith but was the result of bias and prejudice. Whether the AANS complied with its internal rules in this process is not a question that can be determined on a motion to dismiss.

### Conclusion

For the reasons discussed above, the motion to dismiss is denied.

miss, I must take all well-pleaded factual allegations as true. *Prince v. Rescorp Realty,* 940

F.2d 1104, 1106 (7th Cir.1991).